PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2005 Nissan Maxima struck a hole while he was traveling on Route 60 in South Charleston, Kanawha County. Route 60 is a four-lane highway maintained by respondent at the location of the incident involved in this claim. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:10 p.m. on November 3, 2005. Claimant testified that he was traveling in the outside lane with traffic to his left in the inside lane traveling in the same direction. He stated that as he was doing so, his vehicle struck a hole in Route 60 that he had not seen. He described the hole as being approximately three inches deep, three inches wide, and stretched from Route 60 onto F Street, which intersects Route 60 at the site of claimant’s incident. He stated that the hole appeared to be a cut in the road and that there were no warning signs. Claimant’s vehicle in striking the hole sustained damage to a rim and tire totaling $848.18. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 60 at the site of the claimant’s accident for the date in question. Chet Burgess, Maintenance Supervisor for respondent in Kanawha County, testified that from photographs in evidence this appears to be a utility cut. Mr. Burgess stated that respondent does not perform cuts in the roadways at the time of year in which claimant’s incident occurred. He further stated that the cut looked like something that the water company did. Mr. Burgess testified that the water companies do not inform respondent of when they are doing utility work on highways for which respondent is responsible. He stated that there was no record of any work done by respondent along *130 this stretch of Route 60 either the week before or the week after claimant’s incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In tire instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and its location within the highway leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $500.00.
Award of $500.00.